UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVERY HYPOLITE,<br><br>   Plaintiff,<br><br>  v.<br><br>R. ZAMORA, et al.,<br><br>   Defendants. | Case No.: 1:14-cv-01199-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

  Plaintiff Avery Hypolite is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

  Plaintiff filed the instant complaint on July 31, 2014.

**I.**

**SCREENING REQUIREMENT**

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
2  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
3  550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally
4  participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,
5  Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

6      Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
7  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
8  higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
9  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
10 the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
11 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer
12 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
13 consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556
14 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

17     Plaintiff names R. Zamora and N. Schultz as Defendants. The events at issue in this action
18 took place while Plaintiff was incarcerated at Corcoran State Prison.

19     On November 4, 2012, at approximately 0800 hours while inmates and Plaintiff were returning
20 from the chow hall to facility 3A housing unit, several African American inmates engaged in a
21 physical altercation which caused correctional staff to activate the security alarm. All facility 3A
22 inmates were ordered to prone out on their stomach, for which all inmate complied except the inmates
23 involved in the physical altercation.

24     As Plaintiff was prone out on the ground, Plaintiff and another inmate conversed briefly about
25 the incident and a college football game in a low voice. Approximately two minutes later, Plaintiff
26 heard someone yell "shut the fuck up." Plaintiff was not concerned about the statement because he
27 had not committed any rules violations given the circumstances at hand.

28

1   After hearing the statement several more times, Plaintiff turned his body toward the staff
2 members who were voicing the statement, at which point it became obvious the statements were
3 directed to Plaintiff.
4   Plaintiff immediately questioned, in a respectful manner, why the statements were directed to
5 him.  Officer Zamora told Plaintiff to "shut the fuck up."  Plaintiff again responded to Zamora
6 requesting that he speak to Plaintiff in a respectful manner.  Plaintiff was then instructed to stand on
7 his fee and walk backward with his hands on top of his head.  Plaintiff was placed in handcuffs and
8 escorted to the area where the inmates involved in the physical altercation were being detained.
9   Twenty minutes later Plaintiff was then taken toward the program officer at Sergeant Gonzales
10 request while everyone else was escorted to walk alone cages in the administrative segregation unit.
11 Not long after entering the 3A patio, Plaintiff was once again told the next time he was instructed to
12 "shut the fuck up," that is what he should do.  Plaintiff was then struck on the right side of his chin
13 with a baton.  Defendant then finished with "I bet you shut the fuck up now," which Plaintiff
14 responded "Yes, I will be quiet sir."
15   Once every other inmate were properly secured in their cells, Sergeant Gonzales asked Plaintiff
16 why he was handcuffed, and Plaintiff explained that he was talking about football while in the prone
17 position on the ground.  Defendant was then instructed to escort Plaintiff to his cell and secure him
18 there until further notice.  Instead of following the order, Plaintiff was un-cuffed in the 3A dayroom at
19 which point the abuse continued.
20   Plaintiff was "then beat down by multiple correctional officers then sent to ad-seg pending
21 investigation for battery on a peace officer."  Plaintiff was retained in ad-seg from November 4, 2012,
22 until August 15, 2013.

### III.
### DISCUSSION

**A.   Linkage Under Section 1983**

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones

3

1 v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of
2 *respondeat superior*, and there must exist some causal connection between the conduct of each named
3 defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr.
4 and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-
5 16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

6       **B.**      **Excessive Force/Failure to Intervene**

7       The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from
8 the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (per curiam);
9 Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). What is necessary to show sufficient harm under the
10 Eighth Amendment depends upon the claim at issue, with the objective component being contextual
11 and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and
12 citations omitted). For excessive force claims, the core judicial inquiry is whether the force was
13 applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause
14 harm. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

15       Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins,
16 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from
17 constitutional recognition is the de minimis use of physical force, provided that the use of force is not
18 of a sort repugnant to the conscience of mankind. Wilkins, 559 U.S. at 37-38 (quoting Hudson, 503
19 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and
20 unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force,
21 the relationship between that need and the amount of force used, the threat reasonably perceived by
22 the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson,
23 503 U.S. at 7 (quotation marks and citations omitted).

24       While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not
25 end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates
26 contemporary standards of decency. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9)
27 (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately
28 counts. Wilkins, 559 U.S. at 37.

A prisoner's rights can be violated by a prison official's deliberate indifference by failing to intervene. Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472, 115 S. Ct. 2293 (1995)). To state a claim the plaintiff must show that the defendants acted with deliberate indifference. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan , 511 U.S. 825, 837, 844 (1994)). Additionally, an officer can only be held liable for failing to intercede if he had a realistic opportunity to intercede and failed to do so. Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

Although Plaintiff names R. Zamora and N. Schultz as the two Defendants in this action, and contends that he was subjected to excessive force and one of the Defendants failed to intervene, it is not clear from his complaint, the specific allegations as to each Defendant. At one point in the complaint, Plaintiff indicates that Defendant Zamora "intervened" and told Plaintiff to "shut the fuck up." Then later Plaintiff contends he was struck on the right side of the chin with a baton. However, it is not clear if the allegations of the use of force relate to conduct by Defendant Zamora, Defendant Schultz, or some other unidentified Defendant. In order to state a constitutional violation under section 1983, Plaintiff must link each individual Defendant to an affirmative act or omission giving rise to the alleged violation. Without such factual information, the Court cannot determine whom, if any, that Plaintiff states a cognizable claim against. Merely stating "Defendant" does not provide the Court with sufficient factual information to determine which Defendant did what action and/or omission. Accordingly, Plaintiff fails to state a cognizable claim and he will be granted leave to amend the complaint to cure the deficiencies.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v.

1 Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

    Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

    Based on the foregoing, it is HEREBY ORDERED that:

    1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

    2.    Plaintiff's complaint, filed July 31, 2014, is dismissed for failure to state a claim;

    3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///
///
///
///
///
///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 18, 2014**

UNITED STATES MAGISTRATE JUDGE

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 18, 2014**

UNITED STATES MAGISTRATE JUDGE