UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVERY HYPOLITE,<br><br>   Plaintiff,<br><br>  v.<br><br>R. ZAMORA, et al.,<br><br>   Defendants. | Case No.: 1:14-cv-01199-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT<br><br>[ECF No. 22] |

  Plaintiff Avery Hypolite is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

  This action is proceeding against Defendant Zamora for use of excessive force and against Defendant Schultz for failure to intervene in violation of the Eighth Amendment.

  On September 15, 2015, Plaintiff filed a motion for entry of default against Defendants.

  Plaintiff requests entry of default, pursuant to Rule 55, against Defendant Zamora based on Defendant's failure to timely answer or otherwise defend in this action.

  Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that a defendant that has timely waived service under Rule 4(d) must respond "within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States."  Fed. R. Civ. P. 12(a)(1)(A)(ii).

///

Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of the Court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Defendant Zamora was served with the waiver of service on March 7, 2015, and a response to the complaint was due sixty days thereafter, on or before May 7, 2015. (ECF No. 17.) The USM-285 form was returned to the Court on July 28, 2015. (Id.)

On August 12, 2015, Defendant Zamora filed a motion to extend the time to file an answer. (ECF No. 18.) The Court granted Defendant Zamora's motion on August 13, 2015, and an answer was due thirty days thereafter. (ECF No. 19.)

Defendant Zamora filed an answer to the complaint on September 11, 2015. (ECF No. 20.) Although Defendant delayed in filing a motion for an extension of time, the Court granted Defendant's extension, and Defendant Zamora has sufficiently defended this action. Thus, Plaintiff's request for entry of default shall be denied. See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible.")

In addition, entry of default is not warranted against Defendant Schultz as the USM-285 form was returned by the United States Marshal as unexecuted on September 16, 2015. (ECF No. 23.)

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's request for entry of default is DENIED.

IT IS SO ORDERED.

Dated:   **September 17, 2015**

UNITED STATES MAGISTRATE JUDGE