UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVERY HYPOLITE,<br><br>            Plaintiff,<br><br>     v.<br><br>R. ZAMORA, et al.,<br><br>            Defendants. | Case No.: 1:14-cv-01199-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF Nos. 23, 30] |

Plaintiff Avery Hypolite is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendant Zamora for use of excessive force and against Defendant Schultz for failure to intervene in violation of the Eighth Amendment.

The United States Marshal was not able to identify and locate Defendant Schultz and service was returned un-executed on September 16, 2015.  (ECF No. 23.)

On September 18, 2015, Plaintiff was provided the opportunity to show cause why Defendant Schultz should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  (ECF No. 24.)  Plaintiff was forewarned that if he either fails to respond to this order or responds but fails to show cause, Defendant Schultz shall be dismissed from this action.  (Id.)

Plaintiff failed to respond to the order to show cause and Findings and Recommendations were issued on November 10, 2015, recommending dismissal of Defendant Schultz.  (ECF No. 28.)

1

On November 25, 2015, Plaintiff filed a motion to compel discovery. (ECF No. 30.) On December 2, 2015, Plaintiff filed objections to the Findings and Recommendations. (ECF No. 31.)

In his motion to compel, Plaintiff requests an order compelling the California Department of Corrections and Rehabilitation (CDCR) to produce for inspection and/or copying of the last known address of Defendant Schultz to the United States Marshals. (ECF 30, Mot. at 1.) Plaintiff contends he is without means to discover and/or locate Defendant Schultz without the assistance of the Marshal's office. Plaintiff's motion to compel must be denied. In support of his motion, Plaintiff merely states that "at the time of the alleged injuries occurred [sic] in this complaint defendant Schultz was an employee of CDCR at Corcoran." (Id.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Although an incarcerated pro se plaintiff is entitled to rely on the United States marshal to effect service, the plaintiff must also "attempt to remedy any apparent service defects of which [he]

has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987); see also Green v. Lee, No. No. C 08-2729 TECH (PR), 2008 WL 4547194 at *2 (N.D. Cal. Oct. 10, 2008) (quoting same). It is ultimately the plaintiff's responsibility to provide the Marshal with a defendant's correct address. See, e.g., Furnace v. Knuckles, No. C 09-6075 MMC (PR), 2011 WL 3809770 at *2 (N.D. Cal. Aug. 29, 2011) ("It is plaintiff's responsibility to provide accurate addresses for defendants in order that they can be served by the United States Marshal."); Aquirre v. Monk, No. C 09-763 MHP, 2011 WL 2149087 at *14 (N.D. Cal. June 1, 2011) ("Although the court can and does have the U.S. Marshal serve process on defendants routinely in in forma pauperis cases, it is the plaintiff's responsibility to provide a name and address for each defendant to be served.").

In this instance, on August 25, 2015, the USM-285 form was sent to a special investigator at CDCR. (ECF No. 23.) On September 3, 2015, it was noted that the special investigator could not identify or locate the person identified in the complaint and the USM-285 form was returned unexecuted. (Id.) Thus, it is clear from the unexecuted USM-285 form that the special investigator at the CDCR was unable to "identify" Schultz as identified in the complaint filed by Plaintiff. Therefore, it is impossible for the CDCR and/or United States Marshal to locate an individual who cannot and has not yet been identified.

Accordingly, Plaintiff's motion to compel must be DENIED. In the interest of justice, the Court will grant Plaintiff thirty additional days from the date of service of this order to provide additional information, if possible, to assist in the identification of Defendant Schultz. Plaintiff is again advised if he either fails to respond to this order or responds but fails to provide additional information, Defendant Schultz shall be dismissed from this action.

IT IS SO ORDERED.

Dated:   **December 8, 2015**

UNITED STATES MAGISTRATE JUDGE