UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVERY HYPOLITE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. ZAMORA,<br><br>　　　　Defendant. | Case No.: 1:14-cv-01199-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>[ECF No. 38] |

Plaintiff Avery Hypolite is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

This action is proceeding against Defendant Zamora for excessive force in violation of the Eighth Amendment.[1]

Currently before the Court is Plaintiff's motion to compel discovery, filed June 17, 2016. (ECF No. 38.) Defendant filed an opposition on July 11, 2016, and Plaintiff filed a reply on July 26, 2016. (ECF Nos. 42, 44.)

///

---

[1] Defendant N. Schultz was dismissed, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

1

## II.

## DISCUSSION

### A. Legal Standard

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rule 251; ECF No. 21, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.  Plaintiff's Motion to Compel**

Plaintiff moves to compel further responses to his Request for Production of Documents and Interrogatories propounded on Defendant Zamora.

Defendant objects on the ground that Plaintiff's motion to compel is procedurally defective because Plaintiff failed to attach a copy of Defendant's responses to his motion, and Plaintiff's discovery requests were untimely.

Pursuant to the Court's September 14, 2015, discovery and scheduling order, the deadline to complete all discovery and any related discovery motions expired on May 14, 2016. (ECF No. 21,

Order at 2:21.)  The scheduling order also provided that discovery responses were due 45 days after service.  (Id. at 1:22-23.)  The Interrogatories have a proof of service dated April 18, 2016, and the document requests have no proof of service, but they are dated April 3, 2016 (and could not have been served prior thereto).  (Opp'n, Exs. C & D, ECF No. 42.)  Based on the dates of Plaintiff's discovery requests, the responses to both the Interrogatories and Request for Production of Documents are after the deadline to complete discovery, i.e. after May 14, 2016.   The September 14, 2015, discovery and scheduling order specifically states: "… [D]iscovery requests … must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel."  (ECF No. 21, Order at 2:27-28.)  In this instance, neither the discovery requests nor the motion to compel were timely filed and served, and Plaintiff's motion to compel further responses to his discovery requests must be denied.[2]  Furthermore, as previously stated, Plaintiff's motion is procedurally defective in that he failed to attach Defendant's responses and demonstrate how such responses are not valid.

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel, filed June 17, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **August 17, 2016**

UNITED STATES MAGISTRATE JUDGE

---

[2] On June 21, 2016, the Court granted Plaintiff a fourteen day extension of time to respond to Defendant's outstanding discovery requests, and extended the deadline for Defendant to file a motion to compel, if necessary, to July 19, 2016.  (ECF No. 41.)  However, this order did not extend the time for Plaintiff to file a motion to compel as no request was timely sought by him.