1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   AVERY HYPOLITE,                      )   Case No.: 1:14-cv-01199-LJO-SAB (PC)
                                          )
12                  Plaintiff,            )
                                          )   ORDER GRANTING DEFENDANT'S MOTION
13          v.                            )   TO COMPEL, AND DIRECTING PLAINTIFF TO
                                          )   FILE A RESPONSE AND PRODUCE
14   R. ZAMORA,                           )   DOCUMENTS WITHIN THIRTY DAYS FROM
                                          )   THE DATE OF SERVICE OF THIS ORDER
15                  Defendant.            )
                                          )   [ECF No. 43]
16   _____        )

17          Plaintiff Avery Hypolite is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.  Plaintiff consented to United States magistrate judge jurisdiction on

19   August 22, 2014.  (ECF No. 7.)  Defendant has not consented or declined magistrate judge

20   jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. §

21   636(b)(1)(B) and Local Rule 302.

22          Currently before the Court is Defendant's motion to compel Plaintiff to provide a further

23   response to the request for production of documents and to produce responsive documents, filed July

24   19, 2016.

25                                          **I.**

26                                  **BACKGROUND**

27          This action is proceeding against Defendant R. Zamora for use of excessive force in violation

28   of the Eighth Amendment.

                                            1

On September 11, 2015, Defendant filed an answer to the complaint.  (ECF No. 20.)  On September 14, 2015, the Court issued a discovery and scheduling order.  (ECF No. 21.)

On June 17, 2016, Plaintiff filed a motion to compel discovery.  (ECF No. 38.)

On June 21, 2016, the Court granted Plaintiff an extension of fourteen days to respond to Defendant's outstanding discovery requests, and extended the deadline for filing motions to compel to July 19, 2016.  (ECF Nos. 36, 41.)

As previously stated, on July 19, 2016, Defendant filed a motion to compel.  (ECF No. 43.)

On August 17, 2016, the Court denied Plaintiff's motion to compel discovery as untimely.  (ECF No. 46.)

On August 25, 2016, the Court received Plaintiff's opposition to Defendant's motion to compel filed on July 19, 2016.  (ECF No. 47.)  Defendant previously received Plaintiff's opposition on August 8, 2016, and filed a reply on August 15, 2016.  (ECF No. 45.)  Accordingly, Defendant's motion to compel, filed July 19, 2016, is deemed submitted for review without oral argument.  Local Rule 230(*l*).

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 21, Discovery and Scheduling Order, ¶4.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy

that can be raised in discovery); <u>see also</u> <u>Garcia v. Clark</u>, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); <u>Robinson v. Adams</u>, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); <u>Orr v. Hernandez</u>, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); <u>Womack v. Virga</u>, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. <u>Asea, Inc. v. Southern Pac. Transp. Co.</u>, 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. <u>Grabek v. Dickinson</u>, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); <u>Womack</u>, 2011 WL 6703958, at *3; <u>Mitchell v. Felker</u>, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); <u>Ellis v. Cambra</u>, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. <u>Grabek</u>, 2012 WL 113799, at *1; <u>Womack</u>, 2011 WL 6703958, at *3; <u>Mitchell</u>, 2010 WL 3835765, at *2; <u>Ellis</u>, 2008 WL 860523, at *4.

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### III.

### DISCUSSION

A plaintiff who establishes liability under 42 U.S.C. § 1983 is entitled to recover compensatory damages for the injuries suffered as a result of the constitutional violation, including for economic harm, pain and suffering and mental and emotional distress.  Borunda v. Richmond, 885 F.2d 1384, 1389 (9th Cir. 1989).

A party enjoys privacy rights in his medical records in general.  See Bertram v. Sizelove, No. 1:10-cv-00583-AWI-GBC (PC), 2012 WL 273083, at *2 (E.D. Cal. Jan. 30, 2012).  However, a party may waive these privacy rights if the party puts their contents at issue in a case.  Smith v. Solano Cnty., No. 2:11-cv-00142 MCE EFB P, 2012 WL 3727332, at *1 (E.D. Cal. Aug. 24, 2012).  Any waiver, however, is "limited to the private information that is relevant to the lawsuit."  Enwere v. Terman Associates, L.P., No. C 07-1239 JF (PVT), 2008 WL 5146617, at *2 (N.D. Cal. Dec. 4, 2008) (citation omitted).  Communications between a patient and medical doctors to diagnose mental health issues and the records reflecting the patient's mental health issues are privileged.  The psychotherapy privilege is waived in only limited circumstances, such as where the plaintiff puts these communications directly at issue by alleging more than "garden variety" emotional distress.  Fitzgerald v. Cassil, 216 F.R.D. 632, 636 (N.D. Cal. 2003).

Plaintiff seeks relief against Defendant Zamora for excessive force utilized on November 4, 2012, and in the prayer for relief portion of his complaint, Plaintiff seeks to recover damages for emotional and mental stress.  (1st Amd. Compl. at 3, ECF No. 10.)

///

///

///

4

On March 18, 2016, Defendant served Plaintiff with the following request for production of documents:

**REQUEST NO. 2:**

All records which reflect any treatment or medications that you claim you received from any psychiatrist, psychologist, therapist or other provider for the alleged emotional distress that you claim you suffered during the incidents that occurred on November 4, 2012 as alleged in your **COMPLAINT.**

**REQUEST NO. 4:**

All psychological records which reflect any treatment and/or medications that you received for any psychological conditions during the period from 2010 through the present.

(Feher Decl. ¶ 2, Ex. A.)

Plaintiff did not serve a response to the request for production of documents, and did not produce responsive documents.  Defendant requested the same documents in the notice of deposition that was served on Plaintiff.  (Id., Exs A & B.)  Plaintiff served responses dated June 7, 2016, to the above-mentioned discovery requests.  (Feher Decl. ¶ 3, Ex. C.)  As to Requests Numbers 2 and 4, Plaintiff responded:

2.    "On May 11, 2016 at the deposition, I handed you papers written by my psychologist Dr. Roth Ph.D. about my emotional distress."

4.    "My psychological file will not be given to you because that is client/patient confidential information."

(Id.)  At his deposition, Plaintiff testified that the only records of psychological treatment that he received for the emotional distress arising out of the incident is based on two pages that he provided at his deposition.  (Pl.'s Dep. at 28:15-29:25.)  However, Plaintiff acknowledged during his deposition that he had been receiving psychological treatment in prison since about 2009 and he refused to produce those records because they are personal.  (Pl.'s Dep. at 26:3-10; 33:12-21; 204.)

Defendant argues that he has the right to explore the details of the prior and subsequent mental health treatment that Plaintiff received in order to determine whether his other conditions are the cause of, or a contributing factor to, his claimed symptoms allegedly suffered after the incident.

In opposition, Plaintiff contends Defendant's motion does not comply with the procedural rules of the Federal Rules of Civil Procedure and the Local rules governing discovery motions.  However, Plaintiff fails to explain how Defendant's motion in not in compliance with the applicable rules.  Plaintiff then contends that he did not refuse to provide records, he simply cannot provide the information Defendant requested.  Plaintiff then argues that his psychological records are private and irrelevant to the present action.  Finally, Plaintiff argues the he has produced some records in response to Defendant's request for production of documents.

Defendant is correct.  Whether such information is discoverable and admissible at trial are two separate issues.  The only issue at this time is whether Plaintiff's mental health records are discoverable.  In this instance, Plaintiff seeks, *inter alia*, monetary damages against Defendant for causing him to suffer emotional and mental stress.  Thus, Plaintiff has placed his mental condition at issue and thereby waived his privacy rights with respect to his mental health records.  Plaintiff responded to the discovery requests and testified at his deposition that he refuses to produce his mental health records based on his belief that such information is confidential.   Defendant is entitled to discovery of these records to the extent they are relevant to this claim, and Defendant's motion to compel Plaintiff to produce all responsive records shall be granted.

Accordingly, it is HEREBY ORDERED that:

1.      Defendant's motion to compel is GRANTED;

2.      Within thirty (30) days from the date of service of this order, Plaintiff shall provide a further response to Defendant's request for production of documents and produce all responsive records; and

///
///
///
///
///
///
///

6

3.      Failure to comply with this order may result in the imposition of sanctions, including dismissal of the action.  Fed. R. Civ. P. 37(b)(2)(A); Local Rule 110.

IT IS SO ORDERED.

Dated:   **September 20, 2016**

UNITED STATES MAGISTRATE JUDGE

7