1

2

3

4

5

6

7

8                                **UNITED STATES DISTRICT COURT**

9                                **EASTERN DISTRICT OF CALIFORNIA**

10

11   AVERY HYPOLITE,                          )   Case No.: 1:14-cv-01199-LJO-SAB (PC)
                                              )
12              Plaintiff,                    )
                                              )   ORDER DENYING, WITHOUT PREJUDICE,
13        v.                                  )   PLAINTIFF'S SEVENTH MOTION FOR
                                              )   APPOINTMENT OF COUNSEL
14   R. ZAMORA,                               )
                                              )   [ECF No. 54]
15              Defendant.                    )
                                              )
16   _____ )

17        Plaintiff Avery Hypolite is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19        Currently before the Court is Plaintiff's seventh motion for the appointment of counsel, filed

20   October 21, 2016.

21        As Plaintiff is well aware, there is no constitutional right to appointed counsel in this action,

22   Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to

23   represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the

24   Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances

25   the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113

26   F.3d at 1525.

27        Without a reasonable method of securing and compensating counsel, the Court will seek

28   volunteer counsel only in the most serious and exceptional cases.  In determining whether

                                              1

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id.  (internal quotation marks and citations omitted).

As with Plaintiff's prior motions, the Court does find that the interests of justice or exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff is proceeding on a claim of excessive force and the legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint and filed several motions in the action.  While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")  Circumstances common to most prisoners, such as lack of funds, legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Accordingly, Plaintiff's seventh motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 1, 2016**

_____
UNITED STATES MAGISTRATE JUDGE

2