1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   AVERY HYPOLITE,                          )   Case No.: 1:14-cv-01199-LJO-SAB (PC)
                                              )
12              Plaintiff,                     )
                                              )   ORDER DENYING PLAINTIFF'S EIGHTH
13        v.                                   )   MOTION FOR APPOINTMENT OF COUNSEL
                                              )
14   R. ZAMORA,                               )   [ECF No. 61]
                                              )
15              Defendant.                     )
                                              )
16   _____)

17        Plaintiff Avery Hypolite is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19        Currently before the Court is Plaintiff's eighth motion for appointment of counsel, filed

20   December 13, 2016.  This case is currently set for jury on May 23, 2017, before Chief District Judge

21   Lawrence J. O'Neill.

22         As Plaintiff is well aware, there is no constitutional right to appointed counsel in this action,

23   Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to

24   represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the

25   Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances

26   the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113

27   F.3d at 1525.

28

                                              1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

As with Plaintiff's prior motions, the Court does find that the interests of justice or exceptional circumstances warrant appointment of counsel.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff is proceeding on a claim of excessive force and the legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint and filed several motions in the action.  Plaintiff's circumstances are no different than any other prisoner, and Plaintiff has failed to demonstrate exceptional circumstances to warrant the appointment of voluntary counsel in this action.  While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")  Circumstances common to most prisoners, such as lack of funds, legal education and limited law library access and other resources, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Accordingly, Plaintiff's eighth motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **December 14, 2016**

UNITED STATES MAGISTRATE JUDGE

2