UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVERY HYPOLITE,<br><br>        Plaintiff,<br><br>    v.<br><br>R. ZAMORA,<br><br>        Defendant. | Case No.: 1:14-cv-01199-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION OF THE COURT'S AUGUST 17, 2016, ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>[ECF Nos. 46, 49, 63, 64] |

Plaintiff Avery Hypolite is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**PROCEDURAL HISTORY**

On December 27, 2016, Plaintiff filed two separate motions requesting a ruling on his objections to the Court's August 17, 2016, order denying his motion to compel. (ECF Nos. 63, 64.)

On August 17, 2016, the undersigned denied Plaintiff's motion to compel finding both Plaintiff's discovery requests and motion to compel were untimely. (ECF No. 46.)

On September 2, 2016, Plaintiff filed objections to the Court's August 17, 2016, order denying his motion to compel. (ECF Nos. 46, 49.) Defendant filed a response to Plaintiff's objections on September 9, 2016. (ECF No. 51.) The Court construes Plaintiff's objections as a motion for reconsideration under Federal Rule of Civil Procedure 60.

## II.

## DISCUSSION

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 623 (1993).

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo determination. . . ." Merritt v. International Bro. of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241; Phoenix Engineering & Supply v. Universal Elec., 104 F.3d 1137, 1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" Computer Economics, Inc. v. Gartner Group, Inc., 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d

926, 943 (7th Cir. 1997)).

To the extent Plaintiff's "objections" are construed as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(6) and Local Rule 303(c), it must be denied. On August 17, 2016, the Court denied Plaintiff's motion to compel as follows:

> Pursuant to the Court's September 14, 2015, discovery and scheduling order, the deadline to complete all discovery and any related discovery motions expired on May 14, 2016. (ECF No. 21, Order at 2:21.) The scheduling order also provided that discovery responses were due 45 days after service. (Id. at 1:22-23.) The Interrogatories have a proof of service dated April 18, 2016, and the document requests have no proof of service, but they are dated April 3, 2016 (and could not have been served prior thereto). (Opp'n, Exs. C & D, ECF No. 42.) Based on the dates of Plaintiff's discovery requests, the responses to both the Interrogatories and Request for Production of Documents are after the deadline to complete discovery, i.e. after May 14, 2016. The September 14, 2015, discovery and scheduling order specifically states: "… [D]iscovery requests … must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel." (ECF No. 21, Order at 2:27-28.) In this instance, neither the discovery requests nor the motion to compel were timely filed and served, and Plaintiff's motion to compel further responses to his discovery requests must be denied.[1] Furthermore, as previously stated, Plaintiff's motion is procedurally defective in that he failed to attach Defendant's responses and demonstrate how such responses are not valid.

(Order at 3:27-4:13, ECF No. 46, footnote in original.) As just stated, the deadline for completion of all discovery, including motions to compel was May 14, 2016. (ECF No. 21.) The interrogatories have a proof of service dated April 18, 2016. The requests for production of documents have no proof of service, but they are dated April 3, 2016 and could not have been served prior thereto. Thus, based on the dates of all the discovery requests, the deadlines to respond are beyond the discovery cutoff date. In his objections, Plaintiff submits that he tried to file his discovery requests with the Court in February and March 2016, but the Clerk of Court returned the documents to Plaintiff. (Obj's at 1, 4.) On April 8, 2016, Plaintiff sent his request for production of documents to the Court, which was also returned to Plaintiff. (Id. at 5.) Plaintiff has attached a copy of the Clerk's notices rejecting the filing

---

[1] On June 21, 2016, the Court granted Plaintiff a fourteen day extension of time to respond to Defendant's outstanding discovery requests, and extended the deadline for Defendant to file a motion to compel, if necessary, to July 19, 2016. (ECF No. 41.) However, this order did not extend the time for Plaintiff to file a motion to compel as no request was timely sought by him.

1   of his discovery requests.  Local Rules 250.2(c), 250.3(c), and 250.4(c), state that parties are not to file
2   a discovery request with the Court until it is at issue.

3         As an initial matter, the Court's First Informational Order specifically advised Plaintiff that
4   discovery requests must be served directly on the attorney for the party form whom discovery is
5   sought, and the parties are not file their copies of their discovery requests with the Court.  Discovery
6   documents improperly submitted to the Court may be stricken from the record.  (Order, at 4:21-24,
7   ECF No. 4.)  In addition, the September 14, 2015, discovery and scheduling order advised Plaintiff
8   that discovery requests and responses shall not be filed with the Court except when required by
9   specific local rules.  (Order at 1:19-21, ECF No. 21.)  Furthermore, Plaintiff was again advised three
10  times by the Court in returning his discovery requests that discovery documents are not be filed with
11  the Court.  Plaintiff's failure to adhere to the procedural rules of this Court, despite clear advisement,
12  does not demonstrate due diligence on his part.  Accordingly, the Court finds that Plaintiff fails to
13  demonstrate that good cause supports any implied request to modify the schedule order,[2] and there is
14  no basis to reconsider the August 17, 2016, order denying his motion to compel. The Court will not
15  compel responses to discovery requests that were never properly served on Defendant and were not
16  timely propounded.  While the Court is mindful to "liberally construe the inartful pleading of pro se
17  litigants," Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (quotations omitted), and "to
18  ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to
19  ignorance of technical procedural requirements," Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699
20  (9th Cir. 1988), "pro se litigants must follow the same rules of procedure that govern other litigants,"
21  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); accord Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.
22  1995).  A double set of rules, one set for represented parties, and one set for pro se litigants, does not
23  exist.  Thus, "all litigants, including pro ses, have an obligation to comply with court orders."
24  McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).  Discovery
25  in this matter opened in September 2015, and the fact that Plaintiff waited into well into the discovery

---

[2] A scheduling order may be modified upon a showing of good cause.  Fed. R. Civ. P. 16(b).  Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence.

phase and close to the deadline to propound discovery is a litigation strategy of his own doing. Furthermore, even if the Court were to excuse Plaintiff's improper attempt to serve the discovery requests by filing them with the Court, Plaintiff fails to demonstrate for each disputed response, why the information sought is relevant and why Defendant's objections are not meritorious. Accordingly, Plaintiff's motion for reconsideration shall be denied.

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration of the Magistrate Judge's August 17, 2016, order denying his motion to compel is denied.

IT IS SO ORDERED.

Dated: **January 6, 2017**              /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE