# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVERY HYPOLITE,<br><br>    Plaintiff,<br><br>    v.<br><br>R. ZAMORA,<br><br>    Defendant. | Case No.: 1:14-cv-01199-LJO-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S NINTH MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 76] |

      Plaintiff Avery Hypolite is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      Currently before the Court is Plaintiff's ninth motion for the appointment of counsel, filed March 24, 2017.

      As Plaintiff is well aware, there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

      Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

1

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff asserts that he requires representation by counsel to contact a witness in preparation for trial, inmate Egnacio Joshua, CDCR #P07512. While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") Here, the CDCR provides a procedure by which inmates may request to correspond with another inmate for the purpose of pending litigation, and the fact that Plaintiff may not have properly utilized that procedure does not make this case exceptional. Furthermore, despite not corresponding directly with Inmate Joshua, Plaintiff has nevertheless submitted a motion for the attendance of that inmate at trial, including evidence regarding the events that the inmate allegedly witnessed. Thus, as with Plaintiff's prior motions, the Court does find that the interests of justice or exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff is advised to spend more time on litigating the merits of his case and less time on submitting applications for appointment of counsel, especially when each of those applications offers no new basis for appointment of counsel.

Accordingly, Plaintiff's ninth motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **March 28, 2017**

_____
UNITED STATES MAGISTRATE JUDGE