UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVERY HYPOLITE,<br><br>        Plaintiff,<br><br>    v.<br><br>R. ZAMORA,<br><br>        Defendant. | Case No.: 1:14-cv-01199-LJO-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR INCARCERATED WITNESSES<br><br>[ECF No. 66] |

Plaintiff Avery Hypolite is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendant Zamora for excessive force in violation of the Eighth Amendment, and the case is set for jury trial before the undersigned on May 23, 2017.

Currently before the Court is Plaintiff's motion for incarcerated witnesses, filed February 8, 2017. Defendant filed an opposition on March 22, 2017.

**I.**

**DISCUSSION**

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation. "Both sides in a trial have the right to call witnesses, and the power to compel witness testimony is essential to our system of justice." Barnett v. Norman, 782 F.3d 417, 422 (9th Cir. 2015). A judge cannot "allow a witness to

refuse to testify because he would prefer not to answer a question." Id. "The public's interest in full disclosure and the fair administration of justice overrides concerns that testimony might be inconvenient, burdensome, or harmful to a witness's social or economic status." Id.

Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, and (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Plaintiff requests the attendance of following three inmate-witnesses: (1) Egnacio Joshua, CDCR #P-07512; (2) Fred Gordon, CDCR #P-70525; and (3) Jesse Washington, CDCR #D-23593. Plaintiff states that each witness has agreed to testify voluntarily.  (Mot. at 1, ECF No. 66.)

**A.  Inmate Egnacio Joshua**

Plaintiff requests the attendance of inmate witness Egnacio Joshua and submits an unsworn summary of an interview apparently conducted by a private investigator by the name of Daniel Fulks.

Defendant opposes the request on the ground that Plaintiff has failed to satisfy the requirements set forth in the Court's November 4, 2016, scheduling order for securing the attendance of incarcerated witnesses at trial.

The Court agrees with Defendant.  Although Plaintiff has submitted a summary of an interview apparently conducted by a third-party investigator, there is no declaration by *Plaintiff* or inmate Joshua signed under penalty of perjury, and Plaintiff has not provided a sufficient basis for failing to do so. As stated in the Court's November 4, 2016, order,

Furthermore, the veracity of the statement is questionable given that the alleged investigator Daniel Fulks indicated he was appointed by the Court; however, the Court has not at any time

appointed an investigator in this case. Accordingly, Plaintiff's motion for attendance of inmate Egnacio Joshua is denied, without prejudice, to renewal with a supporting declaration by Plaintiff or inmate Joshua on or before **April 10, 2017**.

### B.    Inmate Fred Gordon

Plaintiff requests the attendance of inmate witness Fred Gordon and submits an affidavit signed under penalty of perjury by this inmate. Inmate Gordon declares, in part, that on November 4, 2012, at approximately 8:00 a.m., he saw a "huge correctional officer wresting around on the floor with inmate HYPOLITE." "The huge correctional officer (later found out it was Zamora) was screaming "oh you think you're tough?" "you ain't shit", while all of his bodyweight was on inmate HYPOLITE'S head/neck area." "[A]fter [Plaintiff] was in restraints and subdued he was repeatedly struck with batons, fist and kicked about the torso and legs."

Defendant opposes Plaintiff's request because (1) there is no foundation for inmate Gordon's conclusion that he knows the huge correctional is Defendant Zamora; (2) the facts alleged by inmate Gordon does not prove excessive force given Plaintiff's statement that he struck Zamora two to three times; (3) plaintiff has never claimed during the appeal process or in interviews that the incident described by Gordon constituted excessive force; (4) Gordon does not declare that Defendant Zamora kept hitting Plaintiff on the torso and legs after he was in restraints; and (5) the statements allegedly made by Defendant Zamora do not give rise to excessive force.

Inmate Gordon's declaration demonstrates that he was an eye and witness to the relevant incident and Plaintiff's motion shall be granted.[1] Defendant may challenge the foundation and credibility of inmate Gordon's testimony on cross-examination.

### C.    Inmate Jesse Washington

Plaintiff requests the attendance of inmate witness Jesse Washington. Inmate Washington declares that he recalls an incident in an unspecified month and date in the year 2013, when a riot took

---

[1] The Court notes the lack of any evidence in the record regarding the second and third Wiggins factors. Inmate Gordon is located at Kern Valley State Prison in Delano, California which is in close proximity to the courthouse and there is no information of any concerns that would impact his transportation for trial.

place at Corcoran State Prison.  Plaintiff and inmate Washington complied with the officer's orders to prone out on the ground.  However, shortly after the incident, Defendant Zamora approached Plaintiff "in a negative manner, handcuffed him and escorted him to the program office with the assistance of another officer.  It appeared that C/O Zamora was agitated the entire time he approached [Plaintiff] until he completed the escort to the program office entering and disappearing from the yard and my vision."  (Decl. of Inmate Washington, ¶¶ 6-7.)  Zamora later returned to Plaintiff in handcuffs to his housing unit and Washington observed Defendant grab Plaintiff "in an aggressive manner that resulted into a scuffle" and Plaintiff "tried to separate himself from" Defendant.  (Id. ¶ 9.)

Defendant opposes Plaintiff's motion and argues inmate Washington's testimony proves nothing and does not tend to prove that Defendant engaged in excessive force.

The Court agrees with Defendant.  First, inmate Washington's declaration is questionable because it references Plaintiff's incarceration at Corcoran State Prison from 2014 through 2015, and references the incident in question as occurring sometime in 2013.  However, the incident in question in this case took place on November 4, 2012, and any incidents that took place after this date are irrelevant.  Second, inmate Washington's declaration does not provide sufficient information that he has relevant admissible evidence that would further the resolution of this case.  Third, the Court will not permit duplicative and cumulative testimony of the same testimony that is anticipated from Plaintiff and inmate Gordon.  Fed. R. Evid. 403; Wiggins, 717 F.3d at 468 n.1.  Accordingly, Plaintiff's motion for the attendance of inmate Jesse Washington is denied.

## II.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of inmate witness Egnacio Joshua, P-07512 is denied, without prejudice, to renewal with a supporting declaration by Plaintiff or inmate Joshua on or before **April 10, 2017;**

2. Plaintiff's motion for the attendance of inmate witness Fred Gordon, CDCR #P-70525 is granted;

4

3. Plaintiff's motion for the attendance of inmate witness Jesse Washington, CDCR #D-23593 is denied; and

4. The Court will issue the necessary transportation orders for Plaintiff and inmate Fred Gordon in due course.

IT IS SO ORDERED.

Dated:   **March 30, 2017**              /s/ Lawrence J. O'Neill
                                     UNITED STATES CHIEF DISTRICT JUDGE