UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVERY HYPOLITE,<br><br>    Plaintiff,<br><br>v.<br><br>R. ZAMORA,<br><br>    Defendant. | Case No.: 1:14-cv-01199-LJO-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INMATE WITNESSES EGNACIO JOSHUA AND JESSE WASHINGTON<br><br>[ECF No. 92] |

Plaintiff Avery Hypolite is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**PROCEDURAL BACKGROUND**

This action proceeds to trial on Plaintiff's claim of excessive force against Defendant R. Zamora, and jury trial is set for May 23, 2017, at 8:30 a.m. before the undersigned.

Currently before the Court is Plaintiff's motion for the attendance of inmate witnesses, Egnacio Joshua and Jesse Washington, filed May 4, 2017, self-dated April 23, 2017. Based on prior briefing of the issue, the Court will not await a response by Defendant prior to issue its ruling.

On March 30, 2017, the Court denied Plaintiff's request for the attendance of inmate witnesses, Egnacio Joshua and Jesse Washington, to be transported to trial in this matter. At the telephonic trial

1

confirmation hearing on April 13, 2017, Plaintiff expressed his desire to file a further request, with supporting evidence, for the attendance of these witnesses.

## II.

## DISCUSSION

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation. "Both sides in a trial have the right to call witnesses, and the power to compel witness testimony is essential to our system of justice." Barnett v. Norman, 782 F.3d 417, 422 (9th Cir. 2015). A judge cannot "allow a witness to refuse to testify because he would prefer not to answer a question." Id. "The public's interest in full disclosure and the fair administration of justice overrides concerns that testimony might be inconvenient, burdensome, or harmful to a witness's social or economic status." Id.

Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, and (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

As stated, Plaintiff requests the attendance of Egnacio Joshua, CDCR #P-07512 and Jesse Washington, CDCR #D-23593, and both are presently incarcerated at California State Prison, Corcoran (CSP-COR).

**A.    Inmate Witness Egnacio Joshua**

Plaintiff submits, by way of his own declaration, that inmate Egnacio Joshua was an eye and ear witness to the incident between Plaintiff and Defendant Zamora on November 4, 2012. Plaintiff indicates that inmate Joshua informed him that he is willing to testify in this matter, and he will

2

provide testimony as to what he saw and heard on November 4, 2012. The Court finds that Plaintiff's declaration is sufficient to demonstrate that inmate Egnacio Joshua was an eye and ear witness to the incident on November 4, 2012. The Court has no information before it that inmate Egnacio Joshua would pose any exceptional security risk, or that transportation and security are unduly burdensome, and Plaintiff's motion for the attendance of inmate Egnacio Joshua will be granted.

### B. Inmate Witness Jesse Washington

Plaintiff has submitted the declaration of inmate Jesse Washington who declares that he was an eye and ear witness to the incident between Plaintiff and Defendant Zamora on November 4, 2012. (Mot. at 4, Declaration of Jesse Washington, ECF No. 92.) The Court is satisfied that the declaration by inmate Jesse Washington is sufficient to demonstrate that he has relevant testimony that may substantially further the resolution of this case. The Court has no information before it that inmate Jesse Washington would pose any exceptional security risk, or that transportation and security are unduly burdensome. Accordingly, Plaintiff's motion for the attendance of inmate witness, Jesse Washington, will be granted.

The Court notes that on May 1, 2017, Plaintiff filed a request for an order allowing inmate Jesse Washington to appear in prison khakis at trial in this matter. The Court denied Plaintiff's motion on May 2, 2017, because inmate Jesse Washington was not ordered to be present as a witness in this matter. Nonetheless, to the extent Plaintiff requests that Jesse Washington appear in prison khakis because of the alleged revealing nature of the prison jumpsuit, Plaintiff's request is denied as there is no basis to support such order. Contrary to Plaintiff's claim, it is this Court's experience that the prison jumpsuits do not reveal any physical parts of the inmate, and therefore prison khakis are not necessary.

///
///
///
///
///
///

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of inmate witnesses Egnacio Joshua and Jesse Washington is granted; and

2. The Court will issue the necessary transportation orders by separate order.

IT IS SO ORDERED.

Dated: __May 5, 2017__          _____/s/ Lawrence J. O'Neill_____
                                UNITED STATES CHIEF DISTRICT JUDGE