UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVERY HYPOLITE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. ZAMORA,<br><br>　　　　　Defendant. | Case No.: 1:14-cv-01199-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF BILL OF COSTS TAXED AGAINST HIM<br><br>[ECF No. 121] |

On May 24, 2017, following a jury trial, judgment was entered in favor of Defendant R. Zamora. (ECF No. 118.)

On June 6, 2017, Defendant Zamora submitted a bill of costs seeking $3,096.29 for costs in defending this action. (ECF No. 119.) On October 11, 2017, the Clerk of Court taxed costs in the amount of $2,038.13 against Plaintiff. (ECF No. 120.)

Currently before the Court is Plaintiff's motion for reconsideration of the bill of costs taxed against him on October 11, 2017. (ECF No. 121.) For the following reasons, Plaintiff's motion for reconsideration must be denied and the imposition of costs is confirmed.

The motion for reconsideration is governed by Rule 60 of the Federal Rules of Civil Procedure and Rule 230 of the Local Rules of the United States District Court, Eastern District of California. Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be

1

utilized only where extraordinary circumstances . . . exist." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)(internal quotation marks omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . . of that which was already considered by the court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff moves for reconsideration of the imposition of costs because he contends the Clerk of Court lacks authority to impose such costs and request the Court reconsider and deny the bill of costs.

To the extent Plaintiff contends that the Clerk of Court lacks authority to tax costs, he is incorrect. Federal Rule of Civil Procedure 54(d)(1) and Eastern District Local Rule 292(f) govern the taxation of costs, other than attorney's fees, awarded to the prevailing part in a civil matter. Pursuant to Rule 54(d)(1), the district courts must consider only those costs enumerated in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987).

Section 1920 provides that:

A judge or clerk of the court may tax the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Rule 54(d)(1) provides that "costs … should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the lost party must show why costs should not be awarded." Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003).

Eastern District of California Local Rule 292(b) provides that a prevailing party must file a bill of costs within fourteen days. Local Rule 292(b). "The party against whom costs are claimed may, within seven (7) days from the date of service, file specific objections to claimed items with a statement of grounds for objections." Local Rule 292(c). "If no objection is filed, the Clerk shall proceed to tax and enter costs. Local Rule 292(d). "On motion filed and served within seven (7) days after notice of the taxing of costs has been served, the action of the Clerk may be reviewed by the Court as provided in Fed. R. Civ. P. 54(d)." Local Rule 292(e).

Here, Plaintiff did not file objections to the bill or costs or a motion for review by the Court within seven days after costs were taxed. Nonetheless, the Court will consider Plaintiff's motion for reconsideration.

The costs imposed reflect that Plaintiff was taxed $1,735.00 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case and $303.13 for fees for witnesses, totaling $2,038.13. (ECF No. 120.) Plaintiff does not argue and provides no documentation demonstrating that the costs imposed is inaccurate, or that an amount deducted from his trust account exceeded the costs imposed. Therefore, the Court finds that there are no new facts or circumstances to warrant reconsideration, and such costs were properly assessed against Plaintiff as the non-prevailing party. Accordingly, Plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: **August 31, 2018**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE